IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID CLEO RICHARD, SPN #00826001, Petitioner, | § § § § § | |
| v. | § | CIVIL ACTION NO. H-18-3412 |
| DAVID GUTIERREZ, Director, Texas Board of Pardons and Paroles, Respondent.[1] | § § § § § § | |

## **MEMORANDUM OPINION AND ORDER**

The petitioner, David Cleo Richard (SPN #00826001, former TDCJ #486735), is currently incarcerated in the Harris County Jail following the revocation of his parole. Richard has now filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), challenging his parole revocation. After considering all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases, the court will dismiss this action without prejudice for the reasons explained below.

---

[1] The petitioner names the following individuals as respondents: William Stephens, who was formerly Director of the Texas Department of Criminal Justice ("TDCJ"), and David Gutierrez of the Texas Board of Pardons and Paroles. Stephens has retired and is no longer employed by TDCJ. More importantly, the petitioner is not in TDCJ custody. Because the petitioner challenges a parole revocation, the court lists Gutierrez as the primary respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts.

## I. Background

On April 8, 1987, Richard was convicted of aggravated robbery and sentenced to thirty years' imprisonment in the 232nd District Court for Harris County, Texas.[2] That conviction was affirmed on direct appeal. See Richard v. State of Texas, 788 S.W.2d 917 (Tex. App. — Houston [1st Dist.] 1990, no pet.).

At some unspecified point in time, Richard was released from prison onto parole. On August 22, 2018, Richard's parole was revoked by a panel of the Texas Board of Pardons and Paroles (the "Parole Board"), following a hearing at the Harris County Jail.[3] In a Petition that is dated September 16, 2018,[4] Richard now seeks federal habeas relief from his parole revocation because the Parole Board:

(1) failed to give him adequate notice before the revocation hearing that he would lose four years of previously earned good-conduct credit towards his sentence;

(2) abused its discretion by making a deadly weapon finding and imposing a fine in violation of the Ex Post Facto Clause;

(3) erred in calculating his "sentence begin date," his "mandatory supervision discharge date," and his "maximum discharge date"; and

(4) failed to restore previously earned time

---

[2]Petition, Docket Entry No. 1, p. 2.

[3]Id. at 5.

[4]Id. at 10.

-2-

        credits under the "Prison Management Act" in
        violation of the Ex Post Facto Clause and the
        Due Process Clause.[5]

Because Richard has not yet raised these claims in state court, his Petition is subject to dismissal for lack of exhaustion.[6]

## II. **Discussion**

A prisoner in state custody is not entitled to federal habeas review "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This means that a state prisoner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). Exceptions exist only where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust sua sponte. See Tigner v. Cockrell, 264 F.3d 521, 526 (5th Cir. 2001).

In Texas, a criminal defendant may exhaust remedies by taking the following paths: (1) the petitioner may file a direct appeal from a judgment of conviction followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for a writ of habeas corpus under

---

[5] Id. at 6-7.

[6] Id. at 4.

Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. See Tex. Code Crim. Proc. art. 11.07 § 3(c); see also Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Challenges to a parole revocation are cognizable in a state habeas proceeding under Article 11.07 of the Texas Code of Criminal Procedure. See, e.g., Ex Parte Evans, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998) (citing Board of Pardons and Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995)). As with claims pertaining to a criminal trial, a prisoner must file an application for state habeas corpus relief in the court and county in which he was convicted. See Evans, 964 S.W.2d at 648 (citing Ex parte Woodward, 619 S.W.2d 179 (Tex. Crim. App. 1981); Ex parte Alexander, 861 S.W.2d 921, 922 (Tex. Crim. App. 1993)).

Richard concedes that he has not filed any petition, application, or motion in state court to challenge his parole revocation.[7] Therefore, it is evident that Richard has not exhausted state court remedies before seeking federal review.

---

[7]Petition, Docket Entry No. 1, p. 4.

Because state process remains available, Richard does not fit within a recognized exception to the exhaustion doctrine. Accordingly, the pending Petition must be dismissed as premature for lack of exhaustion.

### III. **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

Reasonable jurists would not debate that the petitioner has not yet exhausted available state court remedies or that the Petition is premature. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody filed by David Cleo Richard (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of exhaustion.

2. Petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED as moot.**

3. A certificate of appealability is **DENIED.**

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 5th day of October, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE